IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN ROBINSON,
    Plaintiff,

v.                                 Civil Action No. RDB-17-1730

BIG MOUTH, INC., *et al.*,
    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Plaintiff Kevin Robinson ("Plaintiff" or "Robinson") filed this action *pro se* against Defendants Big Mouth, Inc. ("Big Mouth") and Amazon.Com, Inc. ("Amazon") (collectively, "Defendants") relating to toilet paper manufactured with the image of former President Barack Obama. (ECF No. 2.) Presently pending before this Court are Defendants' Motions to Dismiss. (ECF Nos. 12, 20.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the Defendants' Motions to Dismiss (ECF Nos. 12, 20) are GRANTED.[1]

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868

---

[1] In Plaintiff's Response to Defendants' Motions to Dismiss (ECF No. 24), he raises for the first time claims under Federal Obscenity laws. Because these claims were not included in the Complaint, they are not properly before this Court.

(2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." While a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678. Although a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Plaintiff's negligence and strict products liability claims against Defendants stem from Plaintiff observing toilet paper with former President Barack Obama's image while at his place of work. (Compl., ECF No. 2 at ¶ 4.) Plaintiff claims to have suffered a panic attack when he reported the toilet paper to his employer's Equal Employment Opportunity and Human Resource representatives. (*Id.*) In addition, when he reported the toilet paper to the United States Coast Guard, the Coast Guard found Plaintiff's reaction to be "extreme" and "hurt his credibility." (*Id.*) Plaintiff claims this incident "was the catalyst for [his] termination" and "[a]s a direct result of the workplace panic [he] has sustained economic hardship, including damage to his reputation, as well as emotional trauma." (*Id.*)

Plaintiff's claims, however, fail to show a "product" that injured him. Maryland's statute, along with the Restatement (Third) of torts, similarly define "product" as "tangible." Md. Code Ann., Cts. & Jud. Proc. § 5-405 (West) ("any tangible article, including attachments, accessories and component parts, and accompanying labels, warnings, instructions, and packaging"); Restatement (Third) of Torts: Prod. Liab. § 19 (1988) ("A product is tangible personal property distributed commercially for use or consumption.").

Plaintiff's claims are that an image placed on a product, and not the product itself, injured him. Negligence and strict products liability law does not recognize a cause of action for alleged harm stemming from an intangible expression. *See Jones v. J.B. Lippincott Co.*, 694 F. Supp. 1216, 1217 (D. Md. 1988) ("No case has extended [products liability theories] to the dissemination of an idea or knowledge in books or other published material."); *Winter v. G.P. Putnam's Sons*, 938 F. 2d 1033, 1034 (9th Cir. 1991) ("The language of products liability law reflects its focus on tangible items. . . . [W]e decline to expand products liability law to embrace the ideas and expression in a book.").

Plaintiff also brings a breach of warranty claim against Defendants. Under Maryland law, an express warranty exists where there is an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Md. Code Ann., Com. Law § 2–313(1)(a). Plaintiff expressly states, however, that he "was not the purchaser" of the toilet paper. Absent a showing of personal injury, privity is a required element for an express warranty claim. *H & M Co. v. Tech. Heat Transfer Servs., Inc.,* No. CIV.A. TDC-14-1518, 2015 WL 1472000, at *4 (D. Md. Mar. 30, 2015) (citing *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F. Supp. 312, 322 (D. Md. 1983)).

Accordingly, IT IS HEREBY ORDERED this 26th day of September, 2017, that Defendants' Motions to Dismiss (ECF No. 12, 20) are GRANTED and it is FURTHER HEREBY ORDERED that these Dismissals be WITH PREJUDICE, and the Clerk of this Court is instructed to CLOSE THIS CASE.

\_\_\_/s/_____

Richard D. Bennett
United States District Judge